**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                             No. 99-4388

TYRONE JACKSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-98-443-A)

Submitted: January 25, 2000

Decided: February 18, 2000

Before WIDENER, WILLIAMS, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul H. Zukerberg, LAW OFFICES OF PAUL H. ZUKERBERG,
Washington, D.C., for Appellant. Helen F. Fahey, United States
Attorney, Steven Mulroy, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Jackson was convicted of one count of assault with a deadly weapon, 18 U.S.C.A. § 113(a)(3) (West Supp 1999) (Count One), and prisoner possession of a shank, 18 U.S.C.A. § 13 (West Supp. 1999), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1998) (Count Two). Jackson conceded his guilt as to Count Two and now appeals his conviction on Count One. We affirm.

I

Jackson and Marco Underhill, prisoners at Lorton Reformatory in Virginia, were charged in each count of a two-count indictment after they attacked one another as they returned to their respective rooms from the prison gym. Testimony at Jackson's trial revealed that Underhill and Jackson were walking next to each other during a "mass movement" of about 100 inmates, simultaneously pulled out shanks, and began stabbing each other. Neither Jackson nor Underhill attempted to flee or to block the other's blows, called for help, or heeded guards' orders to stop. The fight continued until Jackson and Underhill began grappling with one another, at which time guards were able to separate them. Jackson sustained stab wounds to his back, face, and left hand. Underhill, who was stabbed in the neck and head, underwent exploratory surgery to rule out any damage to the great blood vessels in his neck.

Underhill pled guilty to both counts, acknowledging that the assaults occurred simultaneously, with neither inmate having just cause or excuse for the attack. Jackson went to trial. He conceded that he was guilty of the possession charge, and claimed self defense as to the assault charge. The district court refused to allow Jackson to present evidence of Underhill's guilty plea, denied Jackson's request for jury instructions on consent and "mutual affray," and granted his request for a self defense instruction.

2

The jury found Jackson guilty on both counts. He was sentenced to fifty-seven months in prison. This appeal followed.

## II

Jackson first claims that the district court abused its discretion when it denied his motion to dismiss the indictment for improper joinder of defendants. Defendants may be charged in the same count when they allegedly "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Here, Underhill and Jackson were charged with engaging in a single occurrence: a mutual assault with knives. There was but one transaction, and the district court did not abuse its discretion in denying the motion to dismiss the indictment. See United States v. Smith, 44 F.3d 1259, 1266 (4th Cir. 1995); United States v. Chinchic, 655 F.2d 547, 550 (4th Cir. 1981).

## III

Jackson contends that the district court erred when it excluded evidence of Underhill's guilty plea. We review the district court's evidentiary ruling for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). As a general rule, evidence of a non-testifying codefendant's guilty plea is inadmissible because the defendant cannot cross-examine the codefendant and might be convicted based upon the codefendant's guilt rather than evidence of his own culpability presented at his trial. See United States v. Withers, 100 F.3d 1142, 1145 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1260 (4th Cir. 1992). Given the dangers inherent in admitting evidence of Underhill's plea without calling him to testify at Jackson's trial, the district court did not abuse its discretion in disallowing evidence of the guilty plea.

## IV

Jackson argues that the evidence was insufficient to sustain the jury's verdict on the assault charge.[1]  He raises the related claim that the district court erred by giving an incomplete jury instruction.

_____

[1] Because Jackson conceded that he was guilty of possessing the shank, the sufficiency of the evidence on that count is not before us.

3

We will sustain a conviction if there is substantial evidence, viewed in the light most favorable to the government, to support the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). The government is entitled to "the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We think there is substantial evidence in this case.

Although § 113(a)(3) states that the assault must be committed "without just cause or excuse," the lack of just cause or excuse is not an element of the crime that the government must prove. Rather, "[t]he existence of `just cause or excuse' for the assault is an affirmative defense, and the government does not have the burden of pleading or proving its absence." United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir. 1982).[2]

Instead, assault under 18 U.S.C. § 113(a)(3)"only requires proof of an assault with a dangerous weapon, with the intent to cause bodily harm." See United States v. Duran, 127 F.3d 911, 915 (10th Cir. 1997). Here, Jackson attacked Underhill with a shank, resulting in injuries serious enough that Underhill required exploratory surgery. This is sufficient under Tresvant to sustain the conviction.

Jackson argues that the evidence showed that he and Underhill engaged in a mutual affray and, for this reason, there was insufficient evidence to convict him of assault. He cites no federal cases in support of this argument, and we have found no cases holding that "mutual affray" or "mutual combat" is a defense to a charge of assault under § 113(a)(3). Because mutual combat or consent is not a defense to an assault charge, the district court did not abuse its discretion in refusing to give an instruction on consent or mutual affray.

V

During deliberations the jury posed several questions to the court. Jackson maintains that the court's responses to two of the questions impermissibly invaded the province of the jury. In examining a dis-

_____

[2] The district court therefore did not err in refusing to instruct the jury that "without just cause or excuse" was an element of the crime.

4

trict court's response to a jury's request for clarification, the issue is whether the court responded "fairly and accurately without creating prejudice." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). The decision to give a supplemental instruction and the specific words chosen lie within the district court's discretion. See id.

The jury's first question was, "To be convicted of assault, do you have to have started the altercation?" The district court responded, "No. You the jury have to determine the facts. To be convicted of assault the government must have proven beyond a reasonable doubt all the elements of assault with a deadly weapon." This was an accurate statement of the law and reminded the jurors that they were to determine the facts and whether those facts constituted the crime charged.

The jury also inquired, "`Assault' also includes the actual use of force against the victim. Could the term `victim' be interpreted as the other party?" The court responded, "Yes." Again, this was an accurate statement of the law. We discern no usurpation of the jury's role in the district court's responses. Nor do we identify any prejudice to Jackson in the court's answers.

VI

We accordingly affirm the conviction. We dispense with oral argument because the facts and applicable law are fully set forth in the materials before us and argument would not aid the decisional process.

AFFIRMED[3]

_____
[3] So far as error is claimed for a refusal to continue the case, that is without merit.